UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SFR INVESTMENT POOL 1, LLC, Plaintiff-Appellant, v. FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), Defendant-Appellee, and NEWREZ LLC, doing business as Shellpoint Mortgage Servicing, Defendant. | No. 24-488 D.C. No. 2:22-cv-01942-GMN-MDC District of Nevada, Las Vegas **STATEMENT RE JURISIDICTION** |

SFR Investments Pool 1, LLC hereby provides its statement re jurisdiction. SFR's voluntary dismissal of its claim against Newrez LLC d/b/a/ Shellpoint Mortgage Servicing ("Shellpoint") was intended to be with prejudice, and it was an oversight this word was not placed in the dismissal. Under *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995), a court can consider circumstances outside the dismissal document to determine whether it was intended to be with prejudice. If in fact the Court deems the dismissal is with prejudice, then this Court has jurisdiction. *Id.* at 1509 ("We therefore treat the Conchas' 41(a)(1) notice as a dismissal with prejudice as to all defendants, and conclude that we have jurisdiction…")

Here, the claim against Shellpoint related solely to Shellpoint's failure to comply with NRS 107.200 and NRS 107.210. Specifically, as the successor in interest to the Property, SFR is entitled to request information about the loan underlying the deed of trust. When such a request is made, the beneficiary must deliver statements 21 days from the date of receipt of the request. Here, SFR requested an NRS 107.200 and 210 statement on November 16, 2021, but Shellpoint failed to deliver the statements within the 21-day period. As a result, SFR had no choice but to file suit to force Shellpoint's compliance so SFR could obtain information regarding the loan, the most pertinent being the amount required to discharge the loan. SFR did not file suit until June 20, 2022, and at that time, it pled only one claim, the claim against Shellpoint for violation of NRS 107.200 and 210. Under NRS 107.300, the penalty for failing to comply is statutory damages of $300 plus any actual damages.

After SFR filed suit, on June 24, 2022, Shellpoint provided the information required under NRS 107.200 and 210 as of December 7, 2021 (the date both 107 statements should have been delivered). Typically, where this has happened in other cases, i.e. where SFR finally receives the information it was entitled to, SFR either dismisses the case with prejudice or negotiates a settlement. The timeline varies for each individual case, but this is usually the ultimate outcome. To the extent this Court is wondering how many cases this entails, Shellpoint was a repeat offender,

as were many other beneficiaries, thus since 2022, SFR has filed 80+ lawsuits to force compliance.

Shellpoint/Fannie Mae foreclosed on the Property, and on October 17, 2022, SFR amended its complaint to add a claim for wrongful foreclosure/declaratory judgment/quiet title based on the fact the information Shellpoint provided to SFR after SFR filed suit indicated the loan was not accelerated at the time of foreclosure, yet Shellpoint/Fannie Mae foreclosed as if the amount owed was accelerated. Essentially, SFR alleged Shellpoint/Fannie Mae unlawfully credit bid over and above SFR's bid at the sale which deprived SFR of being the highest bidder. Thus, SFR sought relief by way of paying its bid and keeping title to the property or money damages. After SFR filed its amended complaint, Shellpoint/Fannie Mae removed the case to federal court and then filed a motion to dismiss.

The parties entered into a discovery plan and agreed the close of discovery would be September 5, 2023. SFR did not conduct discovery into the NRS 107 claim in part because it was evident on its face Shellpoint violated NRS 107.200 and 210, but also in part the claim served its purpose and was no longer a front and center claim. In fact, but for the foreclosure in this case, SFR would not have amended its complaint and would have resolved the NRS 107 claim like it has in countless other cases.

Thus, when SFR voluntarily dismissed this claim, it was done with the intent to be with prejudice. While SFR did suffer damages as a result of Shellpoint's failure to comply with Nevada law, the damages associated with this claim pale in comparison to the damages/relief associated with the unlawful bidding claim. Additionally, there was no intent on the part of SFR to manipulate appellate jurisdiction. *See Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020). Undersigned counsel considered several avenues, including but not limited to filing a motion, stipulating with Shellpoint, or issuing an offer of judgment.[1] But SFR settled on voluntary dismissal believing this was the most cost-efficient means for both the Court and the parties. Because these other avenues were considered, the dismissal was intended to be with prejudice, and the absence of this word was a mere oversight. However, SFR acknowledges the second factor under *Galaza* i.e. the district court's participation is still missing. But this factor exists so there exists a "clear indication of finality[,]" so as to avoid "confus[ing] the parties and the public." *Galaza*, 954 P.3d at 1272 quoting *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 889 (9th Cir. 2003). SFR can amend its dismissal to add the phrase "with prejudice" to achieve the intent of the second factor.

---

[1] SFR has issued offers of judgment to Shellpoint in other cases involving NRS 107 claims.

For these reasons, SFR asks that the Court treat SFR's dismissal as "with prejudice" such that this Court does have jurisdiction.

DATED this 22nd day of February, 2024.

                    **HANKS LAW GROUP**

                    */s/ Karen L. Hanks*
                    KAREN L. HANKS, ESQ.
                    Nevada Bar No. 9578
                    CHANTEL M. SCHIMMING, ESQ.
                    Nevada Bar No. 8886
                    7625 Dean Martin Drive, Suite 110
                    Las Vegas, Nevada 89139
                    *Attorneys for SFR Investments Pool 1, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2024, I served via the electronic filing system a true and correct copy of the STATEMENT RE JURISDICTION, to the following party(ies):

| | |
|---|---|
| Ariel Stern | ariel.stern@akerman.com |
| Melanie Morgan | melanie.morgan@akerman.com |
| Paige Magaster | paige.magaster@akerman.com |

                    /s/ *Karen L. Hanks*
                    Hanks Law Group