UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SFR INVESTMENT POOL 1, LLC,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE),<br><br>    Defendant-Appellee,<br><br>NEWREZ LLC, doing business as Shellpoint Mortgage Servicing,<br><br>    Defendant. | No. 24-488<br><br>District No. 2:22-cv-01942-GMN-MDC<br><br>**RESPONSE TO STATEMENT REGARDING JURISDICTION** |

  On February 2, 2024, this Court requested a statement by Plaintiff-Appellant SFR Investments Pool 1, LLC (SFR) as to why this appeal should not be dismissed for lack of jurisdiction because SFR had appealed following a partial adverse judgment and a subsequent voluntary dismissal filed without participation of the lower court. SFR's statement as to why this Court should retain jurisdiction attempts to sidestep the relevant case law and procedural history. The Court plainly does not have jurisdiction over this appeal.

  After the district court dismissed both of SFR's claims against Fannie Mae with prejudice, SFR proceeded to voluntarily dismiss the one remaining claim against Shellpoint. SFR did not state whether the voluntary dismissal was with

75297222;2

Case: 24-488, 03/05/2024, DktEntry: 8.1, Page 2 of 5

prejudice and did not seek a court order. Moreover, the district court never certified its dismissal order as final. After voluntarily dismissing the remaining claim against Shellpoint, SFR filed this appeal.

Accordingly, this case falls squarely within the standard set out in *Galaza v. Wolf*, 954 F.3d 1267, 1272 (9th Cir. 2020): "[W]hen a party that has suffered an adverse partial judgment subsequently dismisses any remaining claims without prejudice, and does so without the approval and meaningful participation of the district court, this Court lacks jurisdiction under 28 U.S.C. § 1291." In other words, SFR effectuated dismissal of its single remaining claim in an attempt to manufacture appellate jurisdiction without any participation from the district court. SFR did not seek an order dismissing with prejudice its claim against Shellpoint, nor did it request an order certifying as final the order for dismissal with prejudice of the claims against Fannie Mae only. Accordingly, this Court lacks jurisdiction over SFR's appeal under the final judgment rule.

While "voluntary dismissals with prejudice that produce an adverse final judgment may be appealed," the "entry of a final judgment by the district court is still needed to make appealable an order that otherwise would have been non-final." *Id.* As this Court has previously explained, "[b]y circumventing the district court's involvement, even for practical considerations, parties do not make judgments final. They merely eliminate the district court's gate-keeping role and unnecessarily

2

75297222;2

increase [the appellate court's] own tasks." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 889–90 (9th Cir. 2003).

The district court did not enter any final decision below. After the court dismissed with prejudice the claims against Fannie Mae, the claim against Shellpoint remained active. SFR resolved the claim against Shellpoint without any court involvement, unilaterally deciding to dismiss its claim against Shellpoint and appeal the dismissal order as to Fannie Mae only. SFR failed to obtain a final judgment from the district court by either seeking a court order for dismissal with prejudice of its claim against Shellpoint or certification of the order in Fannie Mae's favor as final under Rule 54(c) of the Federal Rules of Civil Procedure. The district court must meaningfully participate in dismissal of any claims remaining after entry of judgment as to the other causes of action for appellate jurisdiction to exist, as established in *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002) and subsequently clarified in *American States Insurance Co.*, 318 F.3d at 888–89. *See Galaza*, 954 F.3d at 1270-71.

In its statement regarding jurisdiction, SFR argues that it intended to dismiss its cause of action against Shellpoint with prejudice and further contends it noticed dismissal without any intention of manipulating appellate jurisdiction. Dkt. 6 at 4. SFR maintains it decided to file a voluntary notice of dismissal without seeking any input from the district court because "this was the most cost-efficient means for both the Court and the parties." *Id.* Regardless of SFR's intentions, as a result of its

3

75297222;2

actions, the lower court did not enter a final judgment before SFR appealed. SFR did not garner the court's participation or approval, and nothing in the record supports SFR's post hoc proclamation that it intended dismissal with prejudice. There is no final judgment, and this Court therefore lacks jurisdiction.

Although SFR claims its motivation was to save costs, SFR's premature appeal needlessly increased the cost of litigation and wasted judicial resources—a trend SFR continues to engage in by requesting without sufficient grounds that this Court conclude it has jurisdiction. SFR suggests the Court should read intentions that are not clear from the record into SFR's voluntary dismissal, but SFR failed to dismiss its NRS 107.200 *et seq.* claim against Shellpoint with prejudice, and filed an appeal against Fannie Mae only. This Court will not have jurisdiction until SFR corrects its jurisdictional error by obtaining meaningful participation from the district court in the final resolution of this case. Because that has not occurred, this case is not ripe for review.

Dated this 4th day of March, 2024.

**AKERMAN LLP**

*/s/ Paige L. Magaster*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
PAIGE L. MAGASTER, ESQ.
Nevada Bar No. 15557
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134

*Attorneys for Federal National Mortgage Association and NewRez LLC dba Shellpoint Mortgage Servicing*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of March, 2024, I caused to be served a true and correct copy of the foregoing **RESPONSE TO STATEMENT REGARDING JURISDICTION**, via the electronic filing system to the following:

Karen L. Hanks, Esq.  karen@hankslg.com
Chantel M. Schimming, Esq.  chantel@hankslg.com

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

/s/ Patricia Larsen
An employee of AKERMAN LLP